IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID RUTLEDGE, and
LINDA RUTLEDGE,

Plaintiffs,

v.                                          No. 06-4065 DRH

WAL-MART STORES, INC.,
a Foreign Corporation, and
F.W. PLUMBING AND HEATING
INC.,

Defendants.

## ORDER

**HERNDON, District Judge:**

On January 6, 2006, Plaintiff David Rutledge, a citizen of Illinois, filed a complaint in the Circuit Court of Williamson County, Illinois naming Wal-Mart as the sole Defendant. (Doc. 2.) Defendant Wal-Mart is a corporation organized under the laws of Delaware with its principal place of business in Arkansas. Defendant Wal-Mart removed the case to this Court on March 24, 2006. (Doc. 1.) Defendant 's Notice of Removal (Doc. 1) asserts that this case involves claims under the Americans with Disabilities Act and the Illinois Human Rights Act, as well as negligence and premises liability claims. Defendant Wal-Mart sought removal based on diversity and federal question jurisdiction. Specifically in regards to federal question jurisdiction, Defendant Wal-Mart argued

that this Court has original jurisdiction over this case pursuant to **28 U.S.C. 1331** because some of Plaintiff's claims arise under the Americans with Disabilities Act, **42 U.S.C. § 12131 *et seq***,

This matter now comes before the Court following Magistrate Judge Philip M. Frazier's Order (Doc. 26) dated December 14, 2006 granting Plaintiff's Motion for Leave to File an Amended Complaint, to Join a Party as Plaintiff and Join a Party as Defendant (Doc. 25).  Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 25) asserted that joining the new Defendant, F.W. Plumbing and Heating, Inc. ("F.W."), an Illinois corporation, would destroy complete diversity of citizenship in this matter, thereby, requiring the Court to remand the case back to state court.  There was a failure by the Plaintiff's counsel to recognize that diversity was not the only asserted basis for federal jurisdiction. On the same day that Judge Frazier's Order was entered, Plaintiff filed an amended complaint joining Linda Rutledge as a plaintiff and F.W. as another Defendant. (Doc. 28.)  Throughout the amended complaint, Plaintiffs once again allege violations of the Americans with Disabilities Act. (Ct. I-II, ¶ 9f, Ct. III-V, ¶ 9e.)

It is clear from the amended complaint (Doc. 28) that complete diversity was destroyed when F.W. was added as an additional defendant.  What is unclear, is whether Defendant Wal-Mart has abandoned its theory that this case is based, in part, on a federal question or continues to assert federal question jurisdiction pursuant to **28 U.S.C. § 1331**.  Or on the contrary, perhaps Plaintiff

asserts that its liability paragraphs asserting violations of the Americans with Disabilities Act precludes the Court finding that there is a federal question. In light of this inquiry, the Court **DIRECTS** the parties to brief the issue of whether the Court has subject matter jurisdiction in this case or, if the parties agree that the case should be remanded to state court, the parties should inform the court of this agreement immediately. Briefs shall be no longer than ten (10) pages and **must be submitted by February 12, 2007.**

    **IT IS SO ORDERED.**

    Signed this 9th day of January, 2007.

    /s/    David RHerndon
    **United States District Judge**