IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID RUTLEDGE, and**
**LINDA RUTLEDGE,**

**Plaintiffs,**

v.                                                                  No. 06-4065 DRH

**WAL-MART STORES, INC.,**
**a Foreign Corporation, and**
**F.W. PLUMBING AND HEATING**
**INC.,**

**Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

On January 6, 2006, Plaintiff David Rutledge, a citizen of Illinois, filed a complaint in the Circuit Court of Williamson County, Illinois naming Wal-Mart as the sole Defendant. (Doc. 2.) Defendant Wal-Mart is a corporation organized under the laws of Delaware with its principal place of business in Arkansas. Defendant Wal-Mart removed the case to this Court on March 24, 2006. (Doc. 1.) Defendant's Notice of Removal (Doc. 1) asserts that this case involves claims under the Americans with Disabilities Act and the Illinois Human Rights Act, as well as negligence and premises liability claims. Defendant Wal-Mart sought removal based on diversity and federal question jurisdiction. Specifically in regards to federal question jurisdiction,

Defendant Wal-Mart argued that this Court has original jurisdiction over this case pursuant to **28 U.S.C. 1331** because some of Plaintiff's claims arise under the Americans with Disabilities Act, **42 U.S.C. § 12131 *et seq***,

This matter now comes before the Court following Magistrate Judge Philip M. Frazier's Order (Doc. 26) dated December 14, 2006 granting Plaintiff's Motion for Leave to File an Amended Complaint, to Join a Party as Plaintiff and Join a Party as Defendant (Doc. 25). All parties agree that Plaintiff's Amended Complaint (Doc. 28) joining Defendant, F.W. Plumbing and Heating, Inc. ("F.W."), an Illinois corporation, destroys complete diversity of citizenship in this matter. Plaintiff's motion for leave to amend (Doc. 25) assumed that the case would be remanded since complete diversity had been destroyed and, therefore, did not address Defendant's assertion in its Notice of Removal that diversity was not the only basis for federal jurisdiction in this case.

On January 19, 2007, the Court entered an order directing the parties to brief the issue of whether the Court has subject matter jurisdiction in this case. (Doc. 33.) Defendant Wal-Mart submitted a brief that essentially argues that because Plaintiffs allege violations of the ADA that the case must involve a federal question. (Doc. 46.) In addition, Defendant Wal-Mart filed a motion for sanctions requesting that the Court retain jurisdiction or in the alternative strike all references to the ADA in Plaintiffs' amended complaint and bar Plaintiffs from filing any amendments to their complaint that adds claims under any federal law. (Doc. 49.) Plaintiffs David Rutledge and Linda Rutledge submitted a brief arguing that Plaintiffs' Amended

Complaint is not premised on a violation of the federal ADA, but rather is based on allegations of common law negligence, loss of consortium, and premises liability. Plaintiffs correctly rely upon **Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 807 (1986)** in reaching this conclusion. (Doc. 47.) In addition, on February 21, 2007, Plaintiffs filed a motion to remand. (Doc. 51.)

## II. ANALYSIS

**28 U.S.C. § 1331** provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The first question in determining whether the Court has original jurisdiction over this matter is whether the federal law referenced created the cause of action presented in Plaintiffs' complaint. Although Plaintiffs reference the ADA, Plaintiffs allege common law negligence, loss of consortium, and premises liability and are seeking money damages. The ADA provides for injunctive relief, but not money damages, which is the remedy Plaintiffs seek. Therefore, the claims in this case are not created and certainly not remedied by federal law.

When a federal law does not actually create the cause of action presented in a plaintiff's complaint, a court must carefully consider whether the federal issue presented is nonetheless substantial and not "collateral, peripheral or remote." ***Merrell Dow**, at **813** quoting **Textile Workers v. Lincoln Mills,** 353 **U.S. 448, 470 (1957).** As the United States Supreme Court noted in **Merrell Dow**, "the mere presence of a federal issue in a state cause of action does not automatically

confer federal-question jurisdiction." *Id.* at 813.

In this case, Plaintiffs allege state-created causes of action. While Plaintiffs may rely upon the federal standards created by the ADA, "violation of the federal standard as an element of state tort recovery [does] not fundamentally change the state tort nature of the action. *Id.* at 814. In weighing the state and federal issues involved, the Court finds that the federal issue presented in this case is insufficiently substantial to confer federal-question jurisdiction in this case. Having established that the Court lacks subject matter jurisdiction, the Court must remand this matter back to state court. Therefore, the Court **GRANTS** Plaintiffs' motion to remand. (Doc. 51.)

Without jurisdiction, the Court lacks the power to rule on Defendant Wal-Mart's motion for sanctions. (Doc. 49.) However, the Court feels compelled to note that it is not unusual for a federal issue to arise within a state-created cause of action. The suggestion that Plaintiff's reference to the standards in the ADA constitutes sanctionable behavior is totally without merit.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to remand (Doc. 51) and **REMANDS** this case to the Williamson County Circuit Court.

**IT IS SO ORDERED.**

Signed this 6th day of March, 2007.

/s/     David   RHerndon
**United States District Judge**